# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1251
_____

Sheng-Wen Cheng

*Plaintiff - Appellant*

v.

P. Grenier, sued in his official and individual capacities; United States of America

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: August 16, 2024
Filed: August 21, 2024
[Unpublished]
_____

Before KELLY, STRAS and KOBES, Circuit Judges.
_____

PER CURIAM.

    Sheng-Wen Cheng appeals after the district court[1] granted defendants' motion to dismiss his claims under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau</u>

_____

[1]The Honorable Wilhelmina M. Wright, United States District Judge for the District of Minnesota.

of Narcotics, 403 U.S. 388 (1971).[2]  Upon careful review of the record and the parties' arguments on appeal, we conclude that the district court did not err in dismissing the action.  See Mitchell v. Dakota Cnty. Soc. Servs., 959 F.3d 887, 896 (8th Cir. 2020) (de novo review of Rule 12(b) dismissal); Farah v. Weyker, 926 F.3d 492, 497 (8th Cir. 2019) (de novo review of whether case is type for which Bivens remedy is available).  To the extent Cheng intended to bring official-capacity claims for damages against defendants, the claims were barred by sovereign immunity.  See Buford v. Runyon, 160 F.3d 1199, 1203 & n.6 (8th Cir. 1998).  We further conclude the district court correctly determined that Cheng failed to state an individual-capacity claim.  See Egbert v. Boule, 596 U.S. 482, 492-93 (2022) (even a "single reason" to hesitate is sufficient to preclude recognition of a new Bivens cause of action); Ahmed v. Weyker, 984 F.3d 564, 567 (8th Cir. 2020) (expanding Bivens is "a disfavored judicial activity" (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017))).

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____

[2]Cheng has waived any challenges to the denial of injunctive relief, and the dismissal of his negligence and misrepresentation claim under the Federal Tort Claims Act.  See Ahlberg v. Chrysler Corp., 481 F.3d 630, 638 (8th Cir. 2007).